UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELO ROSA, | ) | |
| | ) | **Case No.** |
| **Plaintiff,** | ) | |
| v. | ) | **Judge** |
| | ) | |
| POLICE OFFICER TORRES; | ) | **Magistrate Judge** |
| POLICE OFFICER SALAMANCA; | ) | |
| individually, and | ) | **Jury Demand** |
| SAUK VILLAGE, ILLINOIS, | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, ANGELO ROSA, by and through his attorneys, Gregory E. Kulis and Associates, complaining against the Defendants, POLICE OFFICER TORRES, POLICE OFFICER SALAMANCA, individually, and THE VILLAGE OF SAUK VILLAGE; as follows:

1) This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants committed under color of law.

2) Jurisdiction is based on Title 28 U.S.C. §1343 and §1331.

3) The Plaintiff, ANGELO ROSA, is a United States citizen and permanent resident of the State of Illinois.

4) The Defendants, POLICE OFFICERS TORRES and SALAMANCA (hereinafter the "Defendant Officers"), individually, were at all relevant times duly appointed police officers of the Defendant, VILLAGE OF SAUK VILLAGE, and at all relevant times were acting within

1

their scope of employment and under color of law.

5) On October 25, 2010, the Plaintiff was driving on Torrence Avenue in Sauk Village, Illinois.

6) The Plaintiff was not committing a crime or breaking any laws.

7) The Defendant Officers stopped the Plaintiff.

8) Defendant TORRES struck the Plaintiff in the face. The Plaintiff fell to the ground and Defendant TORRES continued to attack the Plaintiff.

9) The Defendant Officers arrested the Plaintiff.

## COUNT I – SECTION 1983 EXCESSIVE FORCE
## AGAINST DEFENDANT TORRES

10) Plaintiff ANGELO ROSA hereby re-alleges and incorporates the allegations of paragraphs 1-9 as his respective allegations of paragraphs 10 of Count I as though fully forth herein.

11) The force used by Defendant TORRES was unreasonable, unprovoked, unnecessary and excessive.

12) As a result of the actions and inactions of the Defendant TORRES, the Plaintiff was injured.

13) Said actions of Defendant TORRES were intentional, willful and wanton.

14) Said actions and inactions of Defendant TORRES violated the Plaintiff's Fourth Amendment Rights of the United States Constitution as protected by 42 U.S.C. §1983.

15) As a direct and proximate consequence of said conduct of the Defendant TORRES, the Plaintiff, ANGELO ROSA, suffered violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary loss and expense.

WHEREFORE, the Plaintiff, ANGELO ROSA, prays for judgment against Defendant TORRES in an amount in excess of TWENTY FIVE THOUSAND ($25,000.00) DOLLARS in compensatory damages and TEN THOUSAND ($10,000.00) DOLLARS punitive damages, plus attorneys' fees and costs.

### COUNT II – SECTION 1983 FALSE ARREST
### AGAINST DEFENDANTS TORRES AND SALAMANCA

16) Plaintiff ANGELO ROSA hereby re-alleges and incorporates the allegations of paragraphs 1-9 as his respective allegations of paragraphs 16 of Count II as though fully forth herein.

17) Without any just cause or probable cause, the Defendant Officers arrested the Plaintiff and charged him with certain crimes.

18) The Plaintiff's arrest was in violation of the Fourth Amendment of U.S. Constitution.

19) The actions of the Defendant Officers were intentional, willful, wanton and malicious.

20) As a direct and proximate consequence of said conduct of the Defendant Officers, the Plaintiff suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary damage, pain and suffering.

WHEREFORE, the Plaintiff, ANGELO ROSA, prays for judgment against the Defendant Officers TORRES and SALAMANCA, jointly and severally, in an amount in excess of TWENTY FIVE THOUSAND ($25,000.00) DOLLARS in compensatory damages and TEN THOUSAND ($10,000.00) DOLLARS punitive damages, plus attorneys' fees and costs.

## COUNT III - INDEMNIFICATION

21) Plaintiff ANGELO ROSA. hereby re-alleges and incorporates the allegations of paragraphs 1-21 as his respective allegations of paragraph 21 of Count III as though fully forth herein.

22) Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

23) Defendant Officers TORRES and SALAMANCA are or were employees of the VILLAGE OF SAUK VILLAGE at the time of the incident at issue, and acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should Defendant Officers TORRES and SALAMANCA be found liable for the acts alleged above, Defendant VILLAGE OF SAUK VILLAGE would be liable to pay the Plaintiff any judgment obtained against said Defendants.

## JURY DEMAND

The Plaintiff, ANGELO ROSA, requests a trial by jury.

Respectfully submitted,

/s/ Gregory E. Kulis

Gregory E. Kulis and Associates
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830
Atty. No. 6277910